UNITED STATES DISTRICT COURT                                                C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
  BORIS L. MALAYEV,                                      :
                                                         :
                              Plaintiff,                 :
                                                         :
                 - against -                             :    19-cv-495 (BMC) (LB)
                                                         :
  CITY OF NEW YORK, ERIC                                 :
  ROSENBAUM, ALBERT DAYAN, DANIEL                        :
  GUTTMANN, and RONALD HOLLIE,                           :
                                                         :
                              Defendants.                :
                                                         :
-------------------------------------------------------- X
                                                         :
  BORIS L. MALAYEV,                                      :
                                                         :
                              Plaintiff,                 :
                                                         :    19-cv-496 (BMC) (LB)
                 - against -                             :
                                                         :
  CITY OF NEW YORK, RICHARD BROWN,                       :
  LAUREN WEINSTOCK, RONALD HOLLIE,                       :
  and MONICA WINDLEY,                                    :
                                                         :
                              Defendants.                :
                                                         :
-------------------------------------------------------- X

## MEMORANDUM DECISION AND ORDER

**COGAN, District Judge.**

Plaintiff *pro se* filed these actions for claims related to his criminal prosecution in state court in Queens (the "Queens Action"). Plaintiff's request to proceed *in forma pauperis* is granted in both cases. For the reasons stated below, both cases are dismissed.

## BACKGROUND

The complaint in the action docketed under docket number 19-cv-495 asserts claims against the City of New York; Eric Rosenbaum, an Assistant District Attorney involved in the Queens Action who allegedly withheld evidence from plaintiff; Ronald Hollie, the judge in the Queens Action who was allegedly biased against plaintiff; Albert Dayan, a private attorney who represented plaintiff (as defendant) in the Queens Action but allegedly tried to deceive plaintiff into entering a plea agreement; and Daniel Guttmann, another private attorney who represented plaintiff (as defendant) in the Queens Action but allegedly failed to present exculpatory evidence to the Court.

The complaint in the action docketed under docket number 19-cv-496 brings claims against Richard Brown, a District Attorney; Lauren Weinstock, an Assistant District Attorney; Monica Windley, the Warden of the Vernon C. Bain Center, where plaintiff was incarcerated when plaintiff filed the complaint; the City of New York; and Judge Hollie. This complaint appears to relate to the Queens Action but does not explain how any of the defendants allegedly violated plaintiff's rights. Both complaints seek $14,000,000 in damages. The Court construes plaintiff's claims in both actions as arising under 42 U.S.C. § 1983.

## DISCUSSION

### I. Standard of Review

Under the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense

clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Yet a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## II. Claims Against Prosecutors

"It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal citations and quotation marks omitted). A "prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [the prosecutor] proceeds in the clear absence of all jurisdiction." Id. at 237 (internal quotation marks omitted).

Plaintiff brings claims against three prosecutors: Richard Brown, Eric Rosenbaum, and Lauren Weinstock. These claims appear to arise from their role as prosecutors and the complaint does not allege any facts showing that they acted in the clear absence of jurisdiction. Therefore, the claims against Brown, Rosenbaum, and Weinstock are dismissed.

## III. Claims Against Judge Hollie

Judges are immune from suit for actions taken in the judge's official capacity, unless these "actions, though judicial in nature, [were] taken in the complete absence of all jurisdiction." Mireles v Waco, 502 U.S. 9, 12 (1991). The claims against Judge Hollie appear to arise from his role as a judge in the Queens Action and the complaint does not allege any facts showing that he acted in the clear absence of jurisdiction. Accordingly, the claims against Judge Hollie are dismissed.

## IV. Claims Against Dayan and Guttmann

Attorneys who represent defendants in criminal cases cannot be held liable under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312 (1981). Accordingly, the claims against Dayan and Guttmann are dismissed.

## V. Claims Against Monica Windley

The complaint docketed under docket number 19-cv-496 includes Monica Windley as a defendant, but the complaint does not otherwise reference Windley, explain her role in any alleged wrongdoing against plaintiff, or include any allegations against Windley. The claims against Windley are dismissed.

## VI. Claims Against the City of New York

A municipality can only be held liable under 42 U.S.C. § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury … ." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). A Monell claim requires "factual allegations that would support a plausible inference that … 'policies' or 'customs' caused … violations of … rights." Missel v. County of Monroe, 351 Fed.Appx. 543, 545 (2d Cir. 2009).

Plaintiff's claims against the City of New York are dismissed because he has failed to allege facts showing that the alleged violation of his rights was the result of any policies or customs of the City of New York.

## CONCLUSION

The complaints in both of the above-captioned actions are dismissed. The Court has considered whether to allow leave to amend but for the reasons set forth above, there can be no claim in federal court against any of the defendants that plaintiff has sued and so leave to amend is denied as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to plaintiff at the address below (where plaintiff is currently incarcerated), note mailing on the docket, and update plaintiff's address on the docket sheet.

>Boris Malayev, DIN 19A0558
>Downstate Correctional Facility
>121 Red Schoolhouse Road
>P.O. Box F
>Fishkill, New York 12524

**SO ORDERED.**

                                                                                               _____
                                                                                                                  U.S.D.J.

Dated: Brooklyn, New York
           March 4, 2019